UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X   Civil Action No.: 14 CV 7418
NELSON M. FLORES,

Plaintiff(s),

COMPLAINT

-against-

THE CITY OF NEW YORK, NEW YORK CITY      JURY TRIAL DEMANDED
POLICE      DEPARTMENT,      POLICE      OFFICER
MICHAEL FREEMAN, TAX REG #: 919071, in his      ECF CASE
individual and official capacity, POLICE OFFICER
SPARKS, in his individual and official capacity, POLICE
OFFICERS "JOHN DOES" 1-10, in their individual and
official capacity,

Defendant(s).
-------------------------------------------------------------------X

  Plaintiff, NELSON M. FLORES, by and through his attorneys, RENFROE DRISCOLL

& FOSTER, LLP, as and for his Complaint, against the Defendants, respectfully states and

alleges, upon information and belief, as follows:

PRELIMINARY STATEMENT

  1. This is a civil action for monetary relief, including past economic loss, compensatory

damages, punitive damages, disbursements, costs and fees brought under 42 U.S.C. §§ 1983,

1985 and 1986, and grounded in rights secured by the First, Fourth, Fifth, Sixth and Fourteenth

Amendments to the United States Constitution, and the laws of the State of New York. Plaintiff,

while in the custody of the New York City Police Department was assaulted, battered, and

subject to the use of excessive force by the individually named defendants. Plaintiff was

deprived of his constitutional and common law rights when the individual defendants unlawfully

used excessive force against Plaintiff, and assaulted and battered Plaintiff.

## JURISDICTION

2.   This action is brought pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 1988, and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1334 (3) and (4) and the aforementioned statutory and constitutional provisions.

3.   Plaintiff further invokes the pendent jurisdiction of this Court, pursuant to 28 U.S.C.A. § 1367, to hear and decide any and all claims arising under state law and causes of action that derive from the same nucleus of operative facts and are part of the same case of controversy that gives rise to the federally based claims and causes of action.

4.   That all conditions precedent to instituting the lawsuit have been complied with in a timely manner including but not limited to the filing of a notice of claim. In response to the notice of claim, the defendants failed to settle the matter.

## VENUE

5.   Venue herein is proper under 28 U.S.C. § 1391(a), (b) and (c) because the cause of action arose in the Eastern District of New York, and one or more of the defendants are subject to personal jurisdiction in the Eastern District of New York, and have contacts sufficient to subject them to personal jurisdiction in the Eastern District of New York.

## PARTIES

6.   During all times relevant to this Complaint, Plaintiff, NELSON M. FLORES, was and still is, a citizen of the United States, residing in the County of Queens, State of New York.

7.   The Defendant, THE CITY OF NEW YORK (hereinafter "CITY"), is a duly constituted municipal corporation of the State of New York and is and was the employer of Defendants, POLICE OFFICER MICHAEL FREEMAN, TAX REG #: 919071 (hereinafter "FREEMAN")

**ADDENDUM**

To:    ZACHARY W. CARTER
Corporation Counsel of the City of New York
100 Church Street
New York, New York 10007

NEW YORK CITY POLICE DEPARTMENT
One Police Plaza
Legal Bureau, Room 1406
New York, New York 10038

P.O. MICHAEL FREEMAN
TAX REG # 919071
One Police Plaza
Legal Bureau, Room 1406
New York, New York 10038

P.O. MICHAEL FREEMAN
TAX REG # 919071
105th Precinct
92-08 222nd Street
Queens Village, NY 11428

P.O. SPARKS
One Police Plaza
Legal Bureau, Room 1406
New York, New York 10038

P.O. SPARKS
105th Precinct
92-08 222nd Street
Queens Village, NY 11428

P.O. JOHN DOES 1-10
One Police Plaza
Legal Bureau, Room 1406
New York, New York 10038

POLICE OFFICER SPARKS (hereinafter "SPARKS"), and certain of the unnamed police officers and Detectives, and other personnel (JOHN DOES 1-10).

8. The Defendant, NEW YORK CITY POLICE DEPARTMENT (hereinafter "NYPD"), is an agency of the CITY.

9. Upon information and belief, during all times relevant to this Complaint, Defendant, FREEMAN, was and is a citizen and resident of the State of New York; and at all times herein mentioned was a Police Officer employed by the CITY, under the direction of the NYPD and CITY and was acting in furtherance of the scope of his employment, acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or CITY, and acting in his individual and official capacity.

10. Upon information and belief, during all times relevant to this Complaint, Defendant, SPARKS, was and is a citizen and resident of the State of New York; and at all times herein mentioned was a Police Officer employed by the CITY, under the direction of the NYPD and CITY and was acting in furtherance of the scope of his employment, acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or CITY, and acting in his individual and official capacity.

11. That JOHN DOES 1-10 were at all times herein mentioned police officers and/or detectives, in their individual and official capacities, employed by both CITY and NYPD under direction of Defendants CITY and NYPD, and were acting in furtherance of the scope of their employment, acting under color of law, *to wit*, under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or the CITY and/or the NYPD.

3

12. During all times relevant to this Complaint, the Defendants, and each of them, were acting under color of law, to wit, under color of constitution, statutes, ordinances, laws, rules, regulations, policies, customs and usages of the State of New York and/or the CITY.

13. During all times relevant to this Complaint, the Defendants, separately and in concert, engaged in acts or omissions which constituted deprivation of the constitutional rights, privileges and immunities of the Plaintiff, and while these acts were carried out under color of law, they had no justification or excuse in law and were instead gratuitous, illegal, improper and unrelated to any activity in which law enforcement officers may appropriately and legally engage in the course of protecting persons and property or ensuring civil order.

14. During all times relevant to this Complaint, the Defendants, and each of them, had the power and the duty to restrain the other Defendants and prevent them from violating the law and the rights of the Plaintiff, but each of the Defendants failed and refused to restrain the other Defendants; and thereby, became a party to unlawfully subjecting the Plaintiffs to harm and denial of basic rights.

## FACTUAL ALLEGATIONS

15. On or about September 28, 2013, Plaintiff, NELSON M. FLORES (hereinafter "Plaintiff" or "FLORES") was informed by his wife that she filed a complaint of domestic violence against him at the 105th Precinct, located in Queens County, State of New York. Shortly thereafter, Plaintiff placed a call to the 105th Precinct; whereupon, he was informed by a female officer, who Plaintiff believes to be the precinct's "domestic violence officer," that he would be arrested based upon his wife's complaint. At that time, Plaintiff made arraignments with the "domestic violence officer" to voluntarily surrender at the 105th Precinct on October 2, 2013, at 6:00 a.m.

4

16. On or about October 2, 2013, at approximately 6:00 a.m. Plaintiff voluntarily surrendered for arrest at the 105th Precinct. Plaintiff was arrested and processed at the precinct, and placed in a holding cell for approximately three (3) hours – in preparation for transport to Queens County Central Booking.

17. Thereafter, P.O. Sparks and an unidentified police officer (Plaintiff believes the unidentified police officer to be Officer Spark's partner) removed Plaintiff from the holding cell at the 105th Precinct and placed both of the Plaintiff's wrists in handcuffs (Plaintiff was rear cuffed).

18. Within five (5) minutes of being handcuffed, and while still at the 105th Precinct, Plaintiff made repeated complaints to P.O. Sparks and the unidentified police officer that he was experiencing extreme pain at the bilateral wrist. And that both wrist had ganglion cysts upon which the handcuffs were putting a lot of pressure; which was causing the plaintiff extreme pain and discomfort.

19. While still at the 105th Precinct, Plaintiff also made repeated requests to Police Officers that his handcuffs be loosened because he was experiencing extreme pain and discomfort in both wrists. However, the officers chose to ignore the plaintiff's pleas.

20. While Plaintiff was being walked from the 105th Precinct to the "paddy wagon" for transport to Queens County Central Booking, Plaintiff again made numerous complaints to the police officers that he was experiencing extreme pain at the bilateral wrist, and that both wrist had ganglion cysts upon which the handcuffs were putting a lot of pressure; which was causing him extreme pain and discomfort. And again Plaintiff made multiple pleas to the officers to loosen the handcuffs.

21. However, again, Plaintiff's pleas were ignored by the officers.

5

22. While inside the "paddy wagon," and being driven to Central Booking, Plaintiff again made multiple complaints to P.O. Sparks and the unidentified Police Officer that he was experiencing extreme pain at the bilateral wrist due to the unreasonably tight handcuffs.

23. But, again, Plaintiff's pleas were ignored by the officers.

24. Upon arrival at Central Booking and after being placed in a cell at Central Booking, Plaintiff continued to plea with P.O. Sparks and the unidentified police officer to loosen the handcuffs because they were too tight and were causing Plaintiff extreme pain and discomfort.

25. However, P.O. Sparks and the unidentified officer continued to ignore Plaintiff's pleas.

26. After being in a cell at Central Booking for approximately twenty-five (25) minutes, Plaintiff recognized the voice of a Police Officer that he knew, P.O. Schreiber.  Plaintiff called out to P.O. Schreiber who came over to Plaintiff's jail cell.  Plaintiff complained to P.O. Schreiber that the handcuffs were too tight; thereby, causing him extreme pain and discomfort.

27. Upon hearing Plaintiff's complaint, P.O. Schreiber directed P.O. Sparks to remove Plaintiff's handcuffs.  And P.O. Sparks removed Plaintiff's cuffs.

28. P.O. Schreiber then removed Plaintiff from the jail cell and directed the plaintiff to sit on a bench outside of the jail cell.  P.O. Schreiber then re-cuffed Plaintiff in the reasonable and standard manner.

29. Plaintiff was forced to endure the unreasonably tight handcuffs for over one and a half (1 ½ ) hours.

30. The manner in which Plaintiff was handcuffed by P.O. Sparks and the unidentified police officer was unconstitutional and tortuous; in that the cuffs were unreasonably tight and Plaintiff reported pressure, pain and discomfort to the officers; however, the officers herein chose to ignore his pleas.

6

31. On October 2, 2013, at approximately 6:30 p.m., Plaintiff was arraigned and released on recognizance.

32. Defendants, P.O. FREEMAN, P.O. SPARKS and POLICE OFFICER JOHN DOES 1-10 all assisted each other and conspired with each other to commit tortuous acts against Plaintiff and to violate Plaintiff's constitutional rights.

33. Upon information and belief, the defendants, P.O. FREEMAN, P.O. SPARKS and POLICE OFFICER JOHN DOES 1-10, conspired to deprive plaintiff of his constitutional rights; specifically by placing the handcuffs on Plaintiff in an unreasonably tight manner; thereby, causing Plaintiff to experience extreme pain and discomfort.  And then ignoring Plaintiff's complaint of pain and pleas to loosen the cuffs.  In this regard, Plaintiff was subjected to the use of excessive force.

34. Defendants engaged in misconduct, failed to adhere to procedure, rules and regulations, and wholly failed to investigate the incident

35. Upon information and belief, prior to October 2, 2013, Defendants, CITY and NYPD were aware of and tolerated its police officers using excessive force against arrestees.

36. Defendants CITY and NYPD permitted and tolerated the above referenced egregious and improper conduct by failing to seriously discipline or prosecute the defendant officers.  As a result of such failure on behalf of CITY and NYPD, Defendant, Police Officers, were caused to and encouraged to believe that individuals could be subjected to the use of excessive force – *to wit*, being handcuffed in an unreasonably tight manner and being forced to endure extreme pain and suffering for an unreasonably long period of time, despite complaints of pain to the Police Officers by said individuals.

7

37. Those defendant officers who did not touch plaintiff failed to protect him from the assaults, batteries, and excessive force used against Plaintiff by the individually named defendants.

38. The assaults, batteries, and excessive force used against Plaintiff by the individually named defendants caused plaintiff to sustain physical, psychological and emotional trauma.

39. Plaintiff also sustained economic loss as a result of the assaults, batteries, and excessive force used against him by the individually named defendants.

40. Plaintiff continues to suffer physical, psychological, emotional trauma and economic loss as a result of the assaults, batteries, and excessive force used against him by the individually named defendants.

41. A notice of claim was timely served on the CITY and at least thirty days have elapsed since the service of such notice and adjustment and/or payment has been neglected and/or refused.

42. An examination of Plaintiff, pursuant to GML Section 50-h was conducted on March 14, 2014.

**AS AND FOR A FIRST CAUSE OF ACTION**

**<u>Violation of Plaintiff's Fourth and Fourteenth Amendment Rights</u>**

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 42 of this Complaint with the same force and effect as though set forth herein.

44. The use of excessive force by the individually named defendants, P.O. FREEMAN, P.O. SPARKS and POLICE OFFICER JOHN DOES 1-10, in handcuffing Plaintiff in an unreasonably tight manner, thereby, causing Plaintiff to experiencing extreme pain and

8

discomfort, and then ignoring Plaintiff's repeated pleas for Defendants to loosen the handcuffs was objectively unreasonable physical seizures of plaintiff in violation of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

45. The strip search/manual body cavity search of Plaintiff by the individually named defendants, P.O. FREEMAN, P.O. SPARKS and POLICE OFFICER JOHN DOES 1-10, was an objectively illegal and unreasonable physical seizures of plaintiff in violation of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

46. That by reason of the foregoing, Plaintiff has been exposed to injury to his person, disgrace, humiliation and embarrassment and has been damaged in the sum of One Million ($1,000,000.00) dollars, including the cost of this action, attorneys fees pursuant 42 U.S.C. §1988, and punitive damages.

47. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the Unites States constitution this Court has jurisdiction to hear the federally based claim.

### AS AND FOR A SECOND CAUSE OF ACTION

#### 42 U.S.C. §1983 – Municipal Liability

48. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 47 of this Complaint with the same force and effect as though set forth herein.

49. Prior to October 2, 2013, and since, Defendants, CITY and NYPD have permitted and tolerated a pattern and practice of excessive use of force by police officers against arrestees. Despite the egregiously improper conduct, the officers involved were not prosecuted, seriously disciplined or subjected to restraint.  As a result, Defendants, P.O. FREEMAN, P.O. SPARKS

and POLICE OFFICER JOHN DOES 1-10, were caused and encouraged to believe that individuals could be subjected to the use of excessive force, and that such behavior would, in fact, be permitted by CITY.

50. In addition to permitting a pattern of practice of improper treatment of persons, CITY has failed to maintain a proper system for oversight of officers and supervisors and for investigation of all incidents of the use of excessive force by their agents/employees.

51. The CITY has failed to respond to the continuing and urgent need to prevent, restrain and discipline police officers that deprive citizens of their civil rights.

52. A system allegedly maintained by the CITY, has failed to properly review unjustified behavior and activities by police officers, and has failed to identify the violative acts by police officers and to subject officers to discipline, closer supervision or restraint to the extent that it has become the custom of the CITY to tolerate the use of excessive force and other wrongful actions by police officers.

53. Upon information and belief, specific systemic flaws in the CITY's police misconduct review process include but are not limited to the following:

     a.     Preparing reports regarding investigations of incidents as routine point-by point justification of the police officers' actions regardless of whether such actions are justified;

     b.     Police officers investigating incidents systematically fail to credit testimony by non-police officer witnesses and uncritically rely on reports by police officers involved in the incident;

     c.     Police officers investigating incidents fail to include in their reports relevant factual information that would tend to contradict the statements of the police officer involved;

     d.     Police officers failing to communicate, properly respond to the scene and failing

to provide the proper supervision at the scene of incidents;

      e.     Create and manufactured false testimony and evidence;

      f.     Overlooking false and misleading statements made by Police Personnel.

54. The foregoing acts, omissions, systemic flaws, policies and customs of the CITY caused New York City Police Officers to believe that improper actions would not be aggressively, honestly and properly investigated with the foreseeable result that officers are most likely to act inappropriately and unreasonably, and commit tortuous and illegal acts against arrestees and other persons. These such failure continued and were part of an ongoing culture.

55. As a direct and proximate result of the aforesaid acts, omissions, systemic flaws, policies and customs of Defendant, CITY, Plaintiff was unjustifiably mistreated and subjected to the use of excessive force by the police, in violation of his civil and constitutional rights. Moreover, he has suffered and will continue to suffer from psychological harm, humiliation, fear, and severe physical, emotional and psychological damage, resulting in the need to seek professional counseling for the trauma which he incurred. All of these rights are secured to Plaintiff by the provisions of the Fourth Amendment, the due process clause of the Fifth and Fourteenth Amendments of the Constitution of the United States, as well as 42 U.S.C. § 1983.

56. That by reason of the foregoing, Plaintiff has been exposed to injury to his person, disgrace, humiliation and embarrassment and has been damaged in the sum of One Million ($1,000,000.00) dollars, including the cost of this action, attorneys fees pursuant 42 U.S.C. §1988, and punitive damages.

## AS AND FOR A THIRD CAUSE OF ACTION

### 42 U.S.C. § 1985 – Conspiracy

57. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 56 of this Complaint with the same force and effect as though set forth herein.

58. Defendants, P.O. FREEMAN, P.O. SPARKS and POLICE OFFICER JOHN DOES 1-10, expressly and impliedly, agreed with each other to use excessive force against Plaintiff. All without consideration of Plaintiff's rights and in violation of Plaintiff's rights.

59. That the use excessive force against Plaintiff and violation of the laws of the State of New York and plaintiff's civil rights were brought about and caused by the actions of Defendants and that the same were a clear and intentional abuse of process causing plaintiff damages. All of these rights are secured to Plaintiff by the provisions of the Constitution of the United States and by 42 U.S.C. § 1985.

60. That by reason of the foregoing, Plaintiff has been exposed to injury to his person, disgrace, humiliation and embarrassment and has been damaged in the sum of One Million ($1,000,000.00) dollars, including the cost of this action, attorneys fees pursuant 42 U.S.C. §1988, and punitive damages.

## AS AND FOR A FOURTH CAUSE OF ACTION

### 42 U.S.C. § 1986 – Failure to Intervene

61. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 60 of this Complaint with the same force and effect as though set forth herein.

12

62. Defendants, P.O. FREEMAN, P.O. SPARKS and POLICE OFFICER JOHN DOES 1-10, knew or should have known that the use OF excessive force against Plaintiff violated the Plaintiff's rights, guaranteed to him under the Fourth, Fifth, and Fourteenth Amendments and 42 U.S.C. §§ 1983, 1985 and 1986.

63. Each of the said Defendants had the authority, ability and concurrent duty under 42 U.S.C. § 1986 to prevent the use of excessive force against Plainitiff, yet neglected to prevent said violations from occurring, and further failed to intervene to protect or aid the Plaintiff when such violations did in fact occur.  All without consideration of plaintiff's rights and in violation of Plaintiff's rights.

64. Defendants, P.O. FREEMAN, P.O. SPARKS and POLICE OFFICER JOHN DOES 1-10, failure to stop these wrongful actions constitutes a breach of their duty to do so under 42 U.S.C. § 1986.

65. Defendants, P.O. FREEMAN, P.O. SPARKS and POLICE OFFICER JOHN DOES 1-10, knew or should have known that the use of excessive force against Plaintiff were violative of his Fourth, Fifth and Fourteenth Amendment rights to due process, and were tantamount to unequal protection under the law, in violation of the Plaintiff's fundamental rights under the Constitution.

66. That by reason of the foregoing, Plaintiff has been exposed to injury to his person, disgrace, humiliation and embarrassment and has been damaged in the sum of One Million ($1,000,000.00) dollars, including the cost of this action, attorneys fees pursuant 42 U.S.C. §1988, and punitive damages.

## AS AND FOR A FIFTH CAUSE OF ACTION

### Assault

67. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 66 of this Complaint with the same force and effect as though set forth herein.

68. The individually named Defendants, P.O. FREEMAN, P.O. SPARKS and POLICE OFFICER JOHN DOES 1-10, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully and maliciously assaulted plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to the plaintiff, and that such acts caused apprehension of such contact in the plaintiff.

69. The individually named Defendants, P.O. FREEMAN, P.O. SPARKS and POLICE OFFICER JOHN DOES 1-10, were at all times agents, servants, and employees acting within the scope of their employment by Defendants, CITY and NYPD, which are therefore responsible for their conduct.

70. Defendants, CITY and NYPD, as the employers of Defendants, P.O. FREEMAN, P.O. SPARKS and POLICE OFFICER JOHN DOES 1-10, are responsible for their wrongdoing under the doctrine of respondent superior.

71. That by reason of the foregoing, Plaintiff has been exposed to injury to his person, disgrace, humiliation and embarrassment and has been damaged in the sum of One Million ($1,000,000.00) dollars, including the cost of this action, and punitive damages.

72. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

14

## AS AND FOR A SIXTH CAUSE OF ACTION

### Battery

73. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 72 with the same force as if more fully set forth at length herein.

74. The individually named Defendants, P.O. FREEMAN, P.O. SPARKS and POLICE OFFICER JOHN DOES 1-10, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully and maliciously assaulted plaintiff, when they, in a hostile and/or offensive manner handcuffed Plaintiff in an unreasonably tight manner, thereby, causing Plaintiff to experiencing extreme pain and discomfort, and then ignored Plaintiff's repeated pleas for Defendants to loosen the handcuff.

75. This was done without Plaintiff's consent and with the intention of causing harmful and/or offensive bodily contact to the plaintiff and caused such battery.

76. The individually named Defendants, P.O. FREEMAN, P.O. SPARKS and POLICE OFFICER JOHN DOES 1-10, were at all times agents, servants, and employees acting within the scope of their employment by the CITY and NYPD, which are therefore responsible for their conduct.

77. The CITY and NYPD, as the employers of defendants are responsible for their wrongdoing under the doctrine of respondent superior.

78. That by reason of the foregoing, Plaintiff has been exposed to injury to his person, disgrace, humiliation and embarrassment and has been damaged in the sum of One Million ($1,000,000.00) dollars, including the cost of this action, and punitive damages.

79. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

15

## AS AND FOR A SEVENTH CAUSE OF ACTION

### Negligent Hiring, Retention, Training and Supervision

80. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 79 with the same force as if more fully set forth at length herein.

81. The CITY and NYPD and their employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise the individually named Defendants, P.O. FREEMAN, P.O. SPARKS and POLICE OFFICER JOHN DOES 1-10, who were unfit for the performance of their duties on October 2, 2013, at the aforementioned locations.

82. That by reason of the foregoing, Plaintiff has been exposed to injury to his person, disgrace, humiliation and embarrassment and has been damaged in the sum of One Million ($1,000,000.00) dollars, including the cost of this action, and punitive damages.

83. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## AS AND FOR A EIGHT CAUSE OF ACTION

### Negligence

84. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 83 with the same force as if more fully set forth at length herein.

85. Defendants owed a duty of care to plaintiff.

86. Defendants breached that duty of care by assaulting, battering, and using excessive force against plaintiff.

87. As a direct and proximate cause of this unlawful conduct, plaintiff sustained damages hereinbefore alleged.

88. All the foregoing occurred without any fault or provocation by plaintiff.

89. The C I T Y  a n d  N Y P D , as the  employers of the defendants are responsible for their wrongdoing under the doctrine of respondent superior.

90. That by reason of the foregoing, Plaintiff has been exposed to injury to his person, disgrace, humiliation and embarrassment and has been damaged in the sum of One Million ($1,000,000.00) dollars, including the cost of this action, and punitive damages.

91. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## NINTH CAUSE OF ACTION

### Negligent Infliction of emotional Distress

92. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 91 with the same force as if more fully set forth at length herein.

93. By the actions described herein, the individually named Defendants, each acting individually and in concert with each other, engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which negligently caused severe emotional distress to plaintiff by laws and Constitution of State of New York.

94. As a result of the foregoing, plaintiff sustained great emotional injuries.

95. The CITY and NYPD, as the employers of the Defendants, are responsible for their wrongdoing under the doctrine of respondent superior.

96. That by reason of the foregoing, Plaintiff has been exposed to injury to his person, disgrace, humiliation and embarrassment and has been damaged in the sum of One Million ($1,000,000.00) dollars, including the cost of this action, and punitive damages.

17

97. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## JURY DEMAND

98. Plaintiff hereby demands trial by jury of all issues properly triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for relief as follows:

That the jury find and the Court adjudge and decree that Plaintiff, NELSON M. FLORES, shall recover compensatory damage in the sum of One Million Dollars ($1,000,000.00) against the individual defendants, The City of New York and The New York City Police Department, Jointly and severally, together with interest and costs; and punitive damages in the sum of One Million Dollars ($1,000,000.00) against the individual defendants, jointly and severally.

a. That the plaintiff recover the cost of the suit herein, including reasonable attorneys fees, pursuant to 42 U.S.C. § 1988.

b. That the plaintiff have such other and further relief as the Court shall deem just and proper.

Dated: Forest Hills, New York
       December 22, 2014

Respectfully submitted,

**RENFROE DRISCOLL & FOSTER, LLP**

By:     *Patrick K. Foster*

**Patrick K. Foster, Esq.**
*Attorneys for Plaintiff*
118-35 Queens Blvd., Suite 940
Forest Hills, New York 11375
Tel. No.: (718) 261-5100
Fax No.: (718) 304-1168
18

Civil Action No.: 14 CV 7418

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

===================================================================

NELSON M. FLORES,

                    Plaintiff(s),

        -against-


THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER
MICHAEL FREEMAN, TAX REG #: 919071, in his individual and official capacity, POLICE OFFICER
SPARKS, in his individual and official capacity, POLICE OFFICERS "JOHN DOES" 1-10, in their
individual and official capacity,

                    Defendant(s).

===================================================================

**RENFROE DRISCOLL & FOSTER, LLP**
**Attorneys at Law Attorneys for Plaintiff(s)**
**Office Address & Tel. No.:**
**118-35 Queens Blvd., Suite 940**
**Forest Hills, NY 11375**
**(718) 261-5100 * (347) 292-8679**
**Telecopier (718) 304-1168**

===================================================================

To:

Attorney(s) for

===================================================================

Service of a copy of the within          is hereby admitted
Dated:

                              ...................................
                              Attorney(s) for

===================================================================

PLEASE TAKE NOTICE                                          .

  Notice of Entry

[ ]        that the within is a (certified) true copy of a      entered in the office of the clerk of      the within    named
Court on

  Notice of Settlement

[ ]        that an order of which the within is a true copy will be settlement to the Hon.      , one of the Judges of the within named
Court, at        on    at 9:30 A.M.

**RENFROE DRISCOLL & FOSTER, LLP**
**Attorneys for Plaintiff(s)**
**118-35 Queens Blvd., Suite 940**
**Forest Hills, NY 11375**